"EXHIBIT A"
**INDEX OF MATTERS BEING FILED**

1) <u>ALL EXECUTED PROCESS</u>

   i.    Return of Service for Dolgencorp of Texas, Inc.

2) <u>ALL PLEADINGS AND ANSWERS TO PLEADINGS</u>

   i.    Plaintiff's Original Petition.
   ii.   Defendant Dolgencorp of Texas, Inc.'s Original Answer and Jury Demand.

3) <u>ALL ORDERS SIGNED BY THE STATE JUDGE</u>

   i.    No orders were entered.

4) <u>STATE COURT DOCKET SHEET</u>

5) <u>LIST OF ALL COUNSEL OF RECORD, INCLUDING ADDRESSES, TELEPHONE
   NUMBERS AND PARTIES REPRESENTED</u>

   **ATTORNEYS FOR PLAINTIFF**
   JORDAN A. GLAZE
   State Bar No.: 24059826
   JOSH GARRETT
   State Bar No.: 24067616
   GREG GEDDIE
   State Bar No.: 24116419
   Glaze | Garrett
   P.O. Box 1599
   Gilmer, Texas 75644
   Telephone: (903) 843-2323
   Facsimile: (888) 511-1225
   E-mail: j.glaze@glazegarrett.com
   E-mail: j.garrett@glazegarrett.com
   E-mail: g.geddie@glazegarrett.com

   **ATTORNEYS FOR DEFENDANT**
   GINA A. LUCERO
   State Bar No.: 00791144
   **Attorney-In-Charge**
   STEFAN A. GINNARD
   State Bar No.: 24086440
   Lucero | Wollam, P.L.L.C.
   1776 Yorktown, Suite 100
   Houston, Texas 77056
   Telephone: (713) 225-3400
   Facsimile: (713) 225-3300
   Email: glucero@lucerowollam.com
   Email: sginnard@lucerowollam.com

Service I.D. No. 225980

THE STATE OF TEXAS

**CAUSE NO. 117230-CV**
**239th District Court**
**Rodney James**
**vs.**
**Dolgencorp of Texas, Inc.**
**D/B/A Dollar General**

To:   Dolgencorp of Texas, inc. d/b/a Dollar General                                  Defendant
By serving it's Registered Agent
Corporation Service Company
211 E. 7th Street, Suite 620
Austin, TX 78701

Notice:

You have been sued. You may employ an attorney. If you or your Attorney do not file a written answer with the Clerk who issued this Citation by **10:00 a.m.** on the Monday next following the expiration of 20 days after you were served this **Citation** and **Plaintiff's Original Petition And Request For Disclosure,** a Default Judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. If filing Pro Se, said answer may be filed by mailing same to: Brazoria County District Clerk's office, 111 E. Locust, Suite 500, Angleton, TX  77515-4678 or by bringing said answer in person to the aforementioned address.

The case is presently pending before the **239th District Court** of Brazoria County sitting in Angleton, Texas, 77515 and was filed on the **29th day of March, 2022.**

The name and address of the attorney filing this action (or party, if pro se') is **Jordan Andrew Glaze, Glaze | Garrett, P.O. Box 1599, Gilmer, TX 75644.**

---

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the **29th day of March, 2022,** at **12:30 p.m.** I mailed to **Dolgencorp of Texas, Inc.** by certified mail a true copy of this Citation with a copy of the **Plaintiff's Original Petition And Request For Disclosure** attached hereto.

Issued under and given under my hand and seal of said Court, at Angleton, Texas, on the **29th day of March, 2022.**

**DONNA STARKEY, DISTRICT CLERK**
**Brazoria County, Texas**

By _____   Deputy
Cathy Richard

Citation by R/A by Certified Mail

SERVICE COPY

Filed for Record
3/29/2022 9:45 AM
Donna Starkey, District Clerk
Brazoria County, Texas
117230-CV
Cathy Richard, Deputy

117230-CV

NO. _____

| | | |
|---|---|---|
| **RODNEY JAMES** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **V.** | § | **BRAZORIA COUNTY, TEXAS** |
| | § | |
| **DOLGENCORP OF TEXAS, INC.** | § | |
| **D/B/A DOLLAR GENERAL** | § | **_____JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff RODNEY JAMES, in the above-styled and numbered cause, complaining of Defendant DOLGENCORP OF TEXAS, INC. D/B/A DOLLAR GENERAL, hereinafter referred to as "Defendant" and for cause of action would respectfully show unto this Honorable Court the following:

### I.
### DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 of Texas Rule of Civil Procedure 190.

### II.
### PARTIES

Plaintiff, RODNEY JAMES, is an individual who resides in Brazoria County, Texas.

Defendant DOLGENCORP OF TEXAS, INC. D/B/A DOLLAR GENERAL is a Foreign For-Profit Corporation doing business in the State of Texas for the purpose of profit and may be served with process and citation by serving its registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. **SERVICE IS REQUESTED VIA**

CERTIFIED U.S. MAIL, RETURN RECEIPT REQUESTED, ISSUED BY THE
BRAZORIA COUNTY DISTRICT CLERK.

### III.
### JURISDICTION AND VENUE

Venue is proper and permissive in Brazoria County, Texas as the incident
which makes the basis of this suit occurred in Brazoria County, Texas. Further,
Plaintiff suffered damages within the jurisdictional limits of the Court. Plaintiff
reserves the right to amend said pleading should additional facts become known
which affect this evaluation.

### IV.
### BACKGROUND FACTS

Plaintiff would show that on or about October 3, 2020, Plaintiff was a customer
of Defendant's business, was shopping for groceries at the Dollar General located at
857 W. Plantation Drive in Clute, Brazoria County, Texas. Plaintiff was passing
through the store when he slipped and fell on an unknown substance on the floor.

Accordingly, Plaintiff was a customer to whom Defendant owed a duty to use
ordinary care in making its premises reasonably safe and/or warning the Plaintiff of
any dangerous conditions and/or activities existing upon said premises. Plaintiff's fall
discussed above proximately caused the injuries and damages more specifically
described herein.

### V.
### PREMISES LIABILITY

On the occasion in question, the Defendant, acting through its agents,
servants, and/or employees who were at all times acting within the course and scope

of their employment committed acts and/or omissions that constituted negligence which proximately caused the incident in question; to wit:

1. In failing to maintain the premises in question in a reasonably safe condition and free of hazards to Plaintiff and other customers entering the premises;

2. In failing to correct the unreasonably dangerous condition on the premises;

3. In failing to warn customers, including the Plaintiff of the dangerous condition of the premises in question;

4. In failing to properly inspect the premises in question to discover the unreasonably dangerous condition in question;

5. In failing to properly train its employees regarding the proper manner in which to make the premises reasonably safe;

6. In failing to implement proper policies, rules, and/or procedures to make its premises reasonably safe;

7. In creating the condition; and

8. In failing to enforce proper policies, rules, and/or procedures to make its premises reasonably.

Each of these acts and omissions, singularly or in combination with others, constitute negligence.  Such acts and omissions proximately caused the occurrence made the basis of this suit and the resulting injuries and damages suffered by Plaintiff.

Further, Plaintiff would show that at the time of this accident, Defendants' employees were acting in the course and scope of their employment and therefore Defendants are liable under the doctrine of respondent superior.

In sum, Defendant is liable because at time of trial, Plaintiff will show that (1) plaintiff was an invitee; (2) defendants exercised control over the premises; (3) a dangerous premises condition existed; and (4) defendants had actual or constructive knowledge of the dangerous condition, and the above proximately caused Plaintiff's injuries.

## VI.
## DAMAGES

As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant's acts as described herein, Plaintiff suffered and endured anxiety, pain, and illness resulting in damages more fully set forth below.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff incurred the following damages:

A.   Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident.

B.   Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

C.   Physical pain and suffering in the past;

D.   Mental anguish in the past;

E.   Physical pain and suffering in the future;

F.   Mental anguish in the future;

G.   Physical impairment in the past;

H.   Physical impairment which, in all reasonable probability, will be suffered in the future;

I.   Loss of earnings in the past;

J.   Loss of earning capacity which will, in all probability, be incurred in the future;

K.   Physical disfigurement in the past; and

L.   Physical disfigurement which will, in all probability, be suffered in the future.

As discussed above, Plaintiff suffered not only easily quantifiable economic damages, but also other forms of damages such as mental anguish and physical pain and will likely continue to suffer these damages in the future. Plaintiff is required by Texas law to state the maximum amount of damages he seeks. Plaintiff believes that when the totality of his damages are considered, along with the wrongful nature of Defendant's conduct, it is possible that a fact finder may ultimately decide that Plaintiff's damages exceed two hundred fifty thousand dollars ($250,000.00) but it is unlikely that a fact finder would decide that Plaintiff's damages exceed one million dollars ($1,000,000.00). Plaintiff therefore sues for a sum in excess of two hundred fifty thousand dollars but not to exceed one million dollars to be determined by the fact finder in its sole discretion.

## VII.
## INTEREST

Plaintiff seeks pre- and post-judgment interest at the highest legal rate allowed by law.

## VIII.
## RULE 194 REQUESTS FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is hereby requested to disclose, in a manner contemplated by the TRCP, the information or material described in Rule 194.2.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant, DOLGENCORP OF TEXAS, INC. D/B/A DOLLAR GENERAL, be cited to appear and answer herein and that upon final trial, Plaintiff has judgment against Defendant for actual and special damages described above in the full amount allowed by law, together with costs of court, pre-judgment and post-judgment interest, and for relief, both general and special, at law or in equity, to which Plaintiff is justly entitled to receive.

Respectfully Submitted,

## GLAZE | GARRETT

*/s/ Jordan Glaze*
**Jordan A. Glaze**
Texas Bar No. 24059826
**Josh Garrett**
Texas Bar No. 24067616
**Greg Geddie**
Texas Bar No. 24116419
P.O. Box 1599
Gilmer, Texas 75644
T: 903-843-2323/ F: 888-511-1225
j.glaze@glazegarrett.com
**ATTORNEYS FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Greg Geddie on behalf of Jordan Glaze
Bar No. 24059826
g.geddie@glazegarrett.com
Envelope ID: 63041188
Status as of 3/29/2022 10:28 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jordan Glaze | | j.glaze@glazegarrett.com | 3/29/2022 9:45:04 AM | SENT |
| Joshua Garrett | | j.garrett@glazegarrett.com | 3/29/2022 9:45:04 AM | SENT |
| Patricia Carrillo | | p.carrillo@glazegarrett.com | 3/29/2022 9:45:04 AM | SENT |
| Teri Turner | | t.turner@glazegarrett.com | 3/29/2022 9:45:04 AM | SENT |
| Greg Geddie | | g.geddie@glazegarrett.com | 3/29/2022 9:45:04 AM | SENT |

Filed for Record
5/22/2022 1:58 PM
Donna Starkey, District Clerk
Brazoria County, Texas
117230-CV
Sunnye Wingo, Deputy

CAUSE NO. 117230-CV

| | | |
|---|---|---|
| RODNEY JAMES | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | |
| | § | BRAZORIA COUNTY, TEXAS |
| | § | |
| DOLGENCORP OF TEXAS, INC. | § | |
| D/B/A DOLLAR GENERAL | § | 239TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE OF THE COURT:

Defendant DOLGENCORP OF TEXAS, INC., files this Original Answer to the Plaintiff's Original Petition and would respectfully show the Court the following:

### GENERAL DENIAL

1.        Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies all allegations contained in the Plaintiff's Original Petition, and in any amended or supplemental petitions which may be filed by Plaintiff after this date, and respectfully request that Plaintiff be required to prove his allegations against Defendant by a preponderance of the evidence.

2.        Defendant respectfully reserves the right to file an amended answer in this cause in the manner authorized by the Texas Rules of Civil Procedure.

### AFFIRMATIVE DEFENSES

3.        Defendant asserts by way of affirmative defense that at the time, and on the occasion in question, Plaintiff Rodney James ("Plaintiff") failed to exercise the degree of care which an ordinary person would have exercised under same or similar circumstances and that such negligence was the sole proximate cause of Plaintiff's injuries and damages, if any. In the alternative, if Plaintiff's negligence was not the sole proximate cause of Plaintiff's injuries and damages, then it was at least fifty-one percent (51%) of the cause of the alleged injuries and

1

damages, if any. Specifically, Plaintiff had actual or constructive knowledge of the complained of condition at the time of the incident giving rise to this suit.

## RIGHT TO CREDIT/PROPORTIONATE RESPONSIBILITY

4.      Answering further, without waiving the foregoing, Defendant asserts entitlement to reduce the amount of damages to be recovered by the claimant to the fullest extent allowed by Chapters 32 and 33 of the Texas Civil Practice and Remedies Code and Defendant asserts its right to have each claimant, settling person and responsible third party submitted to the jury to determine percentages of responsibility for those causing or contributing to the damages sought.

## DEFENSES TO ECONOMIC DAMAGES

5.      Answering further, without waiving the foregoing, Defendant asserts all provisions of Chapter 41 of the Texas Civil Practice & Remedies Code and all of its appropriate subsections which limit the amount of exemplary damages which may be awarded, if claimed, and limits recovery of medical expenses to the amount actually paid by or on behalf of the Plaintiff. Section 41.0105 not only limits the Plaintiff's recovery but also precludes evidence of expenses that neither the Plaintiff nor anyone acting on his behalf paid or are actually liable for paying. *Aaron Glenn Haygood v. Margarita Garza De Escabedo*, Dkt. 09-0377, (Tex. July 1, 2011), *affirming De Escabedo v. Haygood*, 283 S.W.3d 3 (Tex. App.—Tyler 2009).

6.      Answering further, without waiving the foregoing, Defendant asserts the limitation on recovery set forth in Texas Civil Practice & Remedies Code section 18.091(a) and (b) which limits awards for loss of earning capacity, if made, to net loss after federal income tax. TEX. CIV. PRAC. & REM. CODE ANN. §18.091.

## DENIAL OF CONDITIONS PRECEDENT

7.      Answering further, without waiving the foregoing, should Plaintiff assert that all conditions precedent to recovery have occurred, Defendant denies that all conditions precedent entitling Plaintiff

to recovery have occurred. Specifically, Defendant has asserted a general denial and Plaintiff carries the burden of proof on all causes of action and the essential elements of each cause of action.

## RULE 193.7 NOTICE

8.      Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant gives actual notice to Plaintiff that any and all documents produced by Plaintiff in response to written discovery may be used against Plaintiff at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## DEMAND FOR JURY TRIAL

9.      Defendant respectfully demands a jury trial of all issues in this cause pursuant to Tex. R. Civ. P. 216. Defendant hereby tenders the appropriate fee to the clerk of the court.

## PRAYER

WHEREFORE, Defendant, DOLGENCORP OF TEXAS, INC., prays that:

a.      Plaintiff takes nothing by this suit and Plaintiff be discharged with his costs;

b.      On final hearing of Plaintiff's claims, the claims against Defendant be dismissed with prejudice; and

c.      Defendant recovers all costs, together with such other relief, both general and special, to which he may be justly entitled.

Respectfully submitted,

**LUCERO | WOLLAM, P.L.L.C.**

GINA A. LUCERO
TBN: 00791144
STEFAN A. GINNARD
TBN: 24086440
1776 Yorktown St Ste 100
Houston, TX 77056
Telephone: (713) 225-3400
Facsimile: (713) 225-3300
Email: glucero@lucerowollam.com
Email: sginnard@lucerowollam.com

**ATTORNEYS FOR DEFENDANT
DOLGENCORP OF TEXAS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of April, 2022, a true and correct copy of the foregoing was sent or delivered to all parties through counsel of record pursuant to Rule 21a T.R.C.P.

***Via Electronic Service:***
Jordan A. Glaze
Josh Garrett
Greg Geddie
Glaze | Garrett
P.O. Box 1599
Gilmer, Texas 75644

GINA A. LUCERO

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back                    Location : All Courts    Help

# REGISTER OF ACTIONS
## CASE NO. 117230-CV

| | |
|---|---|
| Rodney James vs. Dolgencorp of Texas, Inc. D/B/A Dollar General | §<br>§<br>§<br>§<br>§ |

| | |
|---|---|
| Case Type: | **Injury or Damage - Other** |
| Date Filed: | **03/29/2022** |
| Location: | **239th District Court** |

### PARTY INFORMATION

| | | | |
|---|---|---|---|
| | | | **Attorneys** |
| **Defendant** | **Dolgencorp of Texas, Inc.,** | | **Gina A. Lucero**<br>*Retained*<br>713-225-3400(W) |
| **Defendant** | **Dolgencorp of Texas, Inc.,** | | **Gina A. Lucero**<br>*Retained*<br>713-225-3400(W) |
| **Plaintiff** | **James, Rodney** | | **Jordan Andrew Glaze**<br>*Retained*<br>903-843-2323(W) |

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 03/29/2022 | **Original Petition (1-10 Plaintiffs) (OCA)** | | |
| 03/29/2022 | **Request** | | |
| 03/29/2022 | **Docket Sheet** | | |
| 03/29/2022 | **Citation by Certified Mail** | | |
| | Dolgencorp of Texas, Inc. | Served | 03/31/2022 |
| 04/06/2022 | **Service Returned** | | |
| 04/22/2022 | **Answer with Jury Fee** | | |
| 04/25/2022 | **Jury Demand** | | |